IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>JOSE ROJAS,<br><br>　　　　　　　　Petitioner,<br>　v.<br><br>MARCUS HARDY, Warden,<br>Stateville Correctional Center<br><br>　　　　　　　　Respondent. | No. 12 C 3859<br><br>Hon. Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Petitioner Jose Rojas ("Rojas") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Marcus Hardy ("Hardy"), Warden of the Stateville Correctional Center, moves to dismiss the petition as untimely. For the reasons set forth below, the Court grants Hardy's motion to dismiss with prejudice.

**BACKGROUND**

In 2003, a Cook County jury convicted Rojas of first degree murder and the judge sentenced him to a fifty-year prison term. The Illinois appellate court affirmed the conviction and sentence on August 15, 2005. *See People v. Rojas,* 359 Ill. App. 3d 392 (1st Dist. 2005). Following this ruling, Rojas failed to seek review in either the Supreme Court of Illinois or the United States Supreme Court.

Instead, on January 26, 2006, Rojas filed a post-conviction petition pursuant to 725 ILCS 5/122 alleging ineffective assistance of counsel. (Doc. 1 at ¶ 9.) The Illinois state trial court

dismissed the petition and the Illinois appellate court affirmed that dismissal. Rojas then filed a post-conviction petition for leave to appeal ("PLA") to the Illinois Supreme Court. (*Id.* at ¶ 11.) The Illinois Supreme Court denied the PLA on January 26, 2011. (*Id.* at ¶ 12.) Rojas did not petition the United States Supreme Court for a writ of certiorari on the denial of his post-conviction petition. Sixteen months later, on May 18, 2012, Rojas filed this petition for writ of habeas corpus. Rojas alleges he is entitled to relief because he was denied his constitutional right to effective assistance of counsel during his trial and his constitutional right to testify at his trial.

## DISCUSSION

I.  **Timeliness of the Petition**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. 2244(d)(1). The statute begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (3) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* In his response brief, Rojas does not dispute, and thus concedes, that the statute of limitations accrued on the date on which judgment became final in his case.

In this case, the Illinois appellate court affirmed Rojas's conviction on August 15, 2005. *See Rojas,* 359 Ill. App. 3d at 410. Rojas had twenty-one days to appeal that decision to the Supreme Court of Illinois. Rojas did not pursue an appeal. Accordingly, his conviction became final on

September 5, 2005.[1] The statute of limitations period ran until Rojas filed his post-conviction petition in the Illinois trial court on January 26, 2006. The filing of this petition tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]."). However, the statute of limitations then ran from the date the Illinois Supreme Court denied Rojas's PLA, January 26, 2011, until the date Rojas filed the instant petition, May 18, 2012.[2] Accordingly, the one-year statute of limitations in § 2244(d)(1) bars Rojas's claim because he did not file this petition until 619 days of untolled time passed from the conclusion of the direct review of Rojas's case.

## II. Equitable Tolling

Notwithstanding the above, Rojas asks the Court to apply the doctrine of equitable tolling to find that his petition is timely. The doctrine of equitable tolling is available to a petitioner who can show that extraordinary circumstances prevented him from filing his § 2254 petition within the statutory time limits. *See Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010); *Griffeth v. Rednour,* 614 F.3d 328, 331 (7th Cir. 2010). In addition, the petitioner must establish that he pursued his rights diligently. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Janssen v. Pugh,* 394 Fed. Appx.

---

[1] Under the version of the Illinois Supreme Court rules in effect in 2005, Rojas had twenty-one days to appeal an appellate court decision to the Illinois Supreme Court. The statute of limitations did not begin to run until after this time period passed. *See* Illinois Supreme Court Rule 315(b); *see also Johnson v. Hobbs,* 678 F.3d 607, 610 (8th Cir. 2012); *Sims v. Hardy,* No. 11 C 3326, 2012 WL 4932609, *1 (N.D. Ill. Oct. 16, 2012) (defendant "did not file a petition for leave to appeal ("PLA") with the Supreme Court of Illinois on direct review of his conviction, so his judgment became final when the time for seeking leave to appeal expired").

[2] In his response brief, Rojas asserts that since he had ninety days to file a petition for a writ of certiorari in the United States Supreme Court after the Illinois Supreme Court denied his PLA, that ninety days should not be included in calculating the number of days that passed from the conclusion of the direct review of Rojas's case. However, the pursuit of Supreme Court review of state post-conviction proceedings does not toll the limitation period. *See Lawrence v. Florida,* 549 U.S. 327, 331-33 (2007); *Jones v. Hulick,* 449 F.3d 784, 788 (7th Cir. 2006). Accordingly, these ninety days are not included in the tolling period.

3

305, 306 (7th Cir. 2010). The circumstances alleged by the petitioner must be truly "extraordinary" in order to warrant the application of equitable tolling. *See Tucker v. Kingston,* 538 F.3d 732 (7th Cir. 2008) (holding that limited resources or the lack of legal expertise are insufficient to invoke equitable tolling); *Jones,* 449 F.3d at 789 (refusing to apply equitable tolling when the petitioner had been placed in segregation for sixty days without access to the law library and as a result was twenty days late in filing his habeas petition.).

Here, Rojas argues that the statute of limitations should be tolled because: (1) he was not represented by counsel for most of time during which the limitations period ran; and (2) when he retained counsel, the habeas petition was filed as soon as was practicable. These grounds do not rise to the level of extraordinariness required for the application of equitable tolling. The Seventh Circuit has repeatedly rejected the lack of legal counsel as a reason for failing to meet the statute of limitations as a ground for the application of equitable tolling. *See Tucker,* 538 F.3d at 735 ("standing alone, the lack of legal expertise is not a basis for invoking equitable tolling"); *Williams v. Buss,* 538 F.3d 683, 685 (7th Cir. 2008) (holding that an inmate's *pro se* status did not constitute an extraordinary circumstance sufficient to warrant equitable tolling); *Johnson v. Chandler,* 224 Fed. Appx. 515, 520 (7th Cir. 2007) (same); *cf Williams v. Sims,* 390 F.3d 958, 963 (7th Cir. 2004) (holding that allowing tolling would undermine the purpose of statutes of limitations for people being sued by those representing themselves). The delay in filing subsequent to obtaining counsel therefore cannot constitute a reason for tolling if the lack of legal counsel is an insufficient reason

for tolling. Accordingly, Rojas is not entitled to equitable tolling and his petition is barred by the one-year statute of limitations.[3]

## III. Certificate of Appealability

Unless the Court issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A). "Only if the applicant has made a substantial showing of the denial of a constitutional right" can the Court issue the certificate. 28 U.S.C. § 2253(c)(2). Where, as here, the Court dismisses a petition on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 485 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484. Here, it is indisputable that Rojas's habeas petition is time-barred. Therefore, no reasonable jurist could conclude that the Court has erred in dismissing the petition. Accordingly, the Court denies Rojas a certificate of appealability.

---

[3] Rojas also attempts to blame his untimeliness on the fact that his former appellate attorney failed to inform him of the consequence of his failure to file a petition for certiorari. While a lawyer's "egregious behavior" may satisfy the extraordinary circumstances prong, *see Holland,* 130 S. Ct. at 2563-64, garden variety claims of attorney negligence do not. *See Griffeth,* 614 F.3d at 331; *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999); *Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir. 2001). Rojas has failed to identify any behavior by his former attorney that rises to the level of egregiousness required by *Holland*.

## CONCLUSION

For the reasons set forth above, the Court grants Hardy's Motion to Dismiss Rojas's Petition for Write of Habeas Corpus as time-barred pursuant to 28 U.S.C. §2244(d). The Court dismisses Rojas's petition with prejudice and denies Rojas a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 12, 2012